Orin Kristich.
100 Deputy Dean Miera S.W
Albuquerque New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 6 2015

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Orin Kristich _____ Plaintiff

Case No. 15 cv 1147 JB-LAM
(To be supplied by the Clerk)

v.

M.D.C., STATE OF NEW MEXICO
COUNTY OF BERNALILLO Defendant(s)

# CIVIL RIGHTS COMPLAINT
## Pursuant To 42 U.S.C. § 1983

## A. JURISDICTION

① Orin Kristich is a citizen of New Mexico who presently resides at, 100 Deputy Dean Miera S.W Albuquerque, New Mexico 87151 _Plaintiff_

② M.D.C., STATE OF NEW MEXICO, COUNTY OF BERNALILLO, and is employed as M.D.C. At the time the Claim(s) alleged in this complaint arose. _Defendant(s)_

③ Defendant M.D.C. is in the State of New Mexico and is employed as The Custodian of Inmates, at the time the Claim(s) alleged in this complaint arose M.D.C was acting under color of law as a Detention Facility where the plaintiff was Incarcerated.

Ⓜ

④ Jurisdiction is invoked pursuant to 28 U.S.C§1343(3) 42 U.S.C §1983, (Police Misconduct Law and Litigation 3 edition) §2:20, §2:31 §2:34 §13:9 §13:18 The H.I.P.P.A Act:

## B. NATURE OF THE CASE

Ⓐ On or about 10-1-14 Officer Michael Heuker the pod officer in (pac1) for swing shift had locked the plaintiff in a cell with no toiletpaper. When the plaintiff asked officer Heuker for toiletpaper Officer Heuker told the plaintiff "you can whipe your ass with your hand." This happend right after the plaintiff was treated at M.D.C. Medical. The treatment was going to cause the plaintiff to use the bathroom to deficate Officer Heuker was told that the plaintiff would be using the bathroom more often for at least 3 days.

Ⓑ The plaintiff was then moved to (Seg'd) cell9 at this time the plaintiff was having medical problems with his urethra. Officer Sanchez used the plaintiffs medical problems to malicously, and Sadistically cause harm. Officer Sanchez knowingly subjected the plaintiff to a substantial risk of physical harm, unnecary pain, and deprivation of bathroom breaks, that created a risk of physical harm, and humiliation. The plaintiff had been given a pink slip by M.D.C. medical, saying that the plaintiff can not be locked out of the bathroom because of a blader/kidney problem. Officer Sanchez then told other Inmates about the plaintiffs medical problems, and harassed the plaintiff. By putting all the Inmates at command call to tell them "No one cares if you have a problem with you dick." And other uncouth comments. This happend for over a month. The comments

P2

Were viwed as sexual abuse by other M.D.C staff, and Inmates. The plaintiff was then sexualy abused by a nother Inmate. The force used by Inmate baca, caused harm and unnecary pain to the plaintiff, making his ongoing medical problem worse. The plaintiff told staff about the nonconsensual sexual abuse. At this time Inmate baca told staff that he could grab the plaintiff in a sexual manner because he was "Gay". M.D.C. staff then moved Inmate baca because of his actions. The plaintiff was told to file a grievance. At this time he had a meeting with medical staff and Doctor Hameltion the plaintiffs ~~of~~ Doctor Where medical staff then moved the plaintiff back to (pac1) with (baca). Where baca told the plaintiff that the sexual abuse would not stop. Moreover Inmate baca said he had a right to sexualyabuse the plaintiff, and other Inmates because he is Gay. The plaintiff then filed more grievances and told medical staff, and officer Heuker, and other officers on staff.

Ⓒ The plaintiff was then harassed by officer Heuker, and other staff. The plaintiff was told that he must like the sexual abuse, dissipike the plaintiffs actions to stop the abuse. At this time the defendants had viwed the sexual abuse on film in (pac1). Yet the Officer's made comments that caused emotional injuries, including stigma, emotional trauma, and mental problems. The on going harassment has not stoped, leaving the plaintiff no choice but to file a Civil Claim. The plaintiff has been knowingly subjected to a substantial risk of physical harm, unnecary pain, deprivation of bathroom breaks that created a risk of physical harm and humiliation to the plaintiff.



Ⓓ more than once the plaintiff was left in a cell after being pepper sprayed without an opportunity to shower, the plaintiff was not resisting. This led to rash and blisters

on the plaintiffs skin, conjunctivitis, and bronchospasms because of the plaintiffs allergies. When Doctor Hameltion asked staff why the plaintiff had been left with no shower they said they had no clue. This was a lie. The plaintiff was then left with no blanket for over 9 month's. The plaintiff had been given a cotton blanket by Doctor Hameltion. Because the plaintiff has an allergie to wool. So the plaintiff slept with no blanket for most of the winter of 2014-15 year. M.D.C Staff has maliciously and sadistically used force for the very purpose of causing harm, and pain to the plaintiff. moreaver the plaintiff was knowingly subjected to a long term discomfort by officer's taking his blanket.

(E) The plaintiff was in (Eco 3) Where an Inmate by the name of walter. Binford was having a medical emergency. The plaintiff told officer's on staff, and offerd help that may have saved the life of an Inmate. The plaintiff was then put on lockdown for his actions. At this time doctor Hameltion viwed the actions of two sargents of M.D.C.. Doctor Hameltion then filed his own grievance, and told the the plaintiff to put in a grievance of his own so it could be linked to the plaintiff's medical records. Because of the on going abuse by officer's to the plaintiff. The High ranking officers names are still an unknown to the plaintiff. Today is Dec. 12 of 2015. and the harassment, and abuse has not stoped. The plaintiff is seeking civil relife in this case in the amount of 3.5 million dollars. For permanent Injuries, verbal abuse, harassment, physical pain, discomfort, loss of use of bodily functions, emotional injuries, including stigma, humiliation, emotional trauma, and pain and suffering. That is claimed in the above as damages, by the plaintiff.

P4

Case Law and supporting facts

① In Wilkins V. Gaddy: 130 SCt at 1178 and 130 S.Ct. 1175, 175 L. Ed 2d 995 (2010)

② Hudson V. McMillian: 503 U.S. at 7-8

③ Estelle V. Gamble: § 1983 429 U.S. 97, 975 Ct 285 50 L. Ed. 2d 251 (1976)

④ Brooks V. Celeste: 39 F. 3d 125, 30 Fed R Serv. 3d 1051 (1994) FED App 0376p.

⑤ Danley V. Allen: 540 F. 3d 1298 (2008)

⑥ McElligott V. Foley: 182 F. 3d. 1248 (1999)

⑦ ~~OK~~ Hudspeth V. Figgins: 584 F. 2d 1345 (1978)

⑧ Burton V. Livingston: 791 F. 2d 97 (1986)

⑨ Crain V. Krehbiel: 443 F. Supp. 202 (1977)

⑩ Chatman V. Slagle: 107 F. 3d 380, 1997 Fed. App. 0064p

⑪ Bolden V. Southeastern Pennsylvania: 21 F. 3d 29, 34 9 I.E.R. cas. (BNA) 676, 146 L.R.R.M. (BNA) 2065, 127 Lab. Cas. (CCH) p 57650 (3d cir 1994)

⑫ Wilson V. Beebe: 743 F. 2d342, 16 Fed. R. Evid Serv. 335 (1984)

⑬ Niehus V. Liberio: 973 F 2d 526, 23 Fed. R. Serv. 3d. 691 (1992)



# Legal Argument

In light of the above case law. Sexual abuse of the plaintiff by guards at M.D.C. Clearly violates the Eighth Amendment. This is true regardless of the gender of the guard, or the prisoner. The defendant's had knowingly, maliciously, and sadistically violated the plaintiff's Human, Civil, and Constitutional rights. The defendant's may have even shown delierate indifference to the plaintiff, althaugh some care was provided. To this day the medical staff has been denying medications to the plaintiff. Moreover M.D.C. Staff has violated the plaintiffs Fourteenth Amendment right. The staff at M.D.C. has treated me different because of my race. The defendant's have even violated my medical rights under the H.I.P.P.A. Act by telling Other Inmates, and Staff members about very personal medical problems. The defendant's knowingly subjected the plaintiff to psychological, and mental abuse; Verbal abuse, harssment, Emotional pain, and suffering, permanent Injuries, physical pain, discomfort, loss of bodily functions, emotional injuries, Including stigma, humiliation, emotional trauma, by there wrongful actions. The defendant's actions were knowingly done. The plaintiff can see no justification for the excessivenss of the defendant's actions. Moreaver, the plaintiff can not understand Why the deprivation of the bathroom breaks occured after medical staff gave a pinkslip, saying holding pee would or could lead to loss of bodily functions. The plaintiff see's no reason the above problems could not have been avoided.



I have previously sought informal releif from the appropriate administrative officials regarding the acts in this complaint to no avail.

_____
Signature of Petitioner
Address
telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec 1746.
18 USC. Sec 1621

Executed at 100 Deputy Dean Miera S.W.
Albuquerque New Mexico 87151 on December 14, 2015
                                              Date

_____
Signature

Orin Kristich
_____
Name  PRO SE
100 Deputy Dean Miera S.W.
Albuquerque New Mexico
87151

(P7)



Orrin Krishch
100102712
100 Deputy Dean Miera S.W.
Albuquerque New Mexico
87151

United States District Court

RECEIVED
At Albuquerque NM

DEC 16 2015

MATTHEW J. DYKMAN
CLERK

District of New Mexico
Office of the Clerk
333 Lomas bl N.W.
Albuquerque New Mexico
87102
87102227470