## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

       Plaintiff,

vs.                                 No. CIV 15-1147 JB/LAM

METROPOLITAN DETENTION CENTER,
OFFICER MICHAEL HENKER, AND
OFFICER SANCHEZ,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Civil Rights Complaint, filed December 16, 2015 (Doc. 1) and the Prisoner's Civil Rights Complaint, filed January 19, 2016 (Doc. 5)(collectively, the "Complaint"); (ii) the Plaintiff's Motion to Compel Evidence, filed February 26, 2016 (Doc. 7)("Motion to Compel"); (iii) the Motion to Show Cause, filed June 2, 2016 (Doc. 11)("Motion to Show Cause 1"); and (iv) the Motion to Show Cause Two, filed July 1, 2016 (Doc. 12)("Motion to Show Cause 2").

The Court will dismiss the Complaint as to Defendant Metropolitan Detention Center, and will order issuance of notice and waiver of service forms directed to Defendants Officer Michael Henker and Officer Sanchez.  The Court will deny the Motion to Compel Evidence as premature, and will grant the Motion to Show Cause 1 and the Motion to Show Cause 2, which the Court construes as motions for extension of time to comply with the Honorable Gregory J. Fouratt, United States Magistrate Judge's Order, which granted Plaintiff Orin Kristich leave to proceed in forma pauperis.

## LAW REGARDING DISMISSALS FOR FAILURE TO STATE A CLAIM

Kristich is proceeding pro se and in forma pauperis.  The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1915(e)(2)(B).  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly").

Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The court may dismiss part or all of a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(2).  The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  Denton

v. Hernandez, 504 U.S. 25, 32-33 (1992)("Denton").  The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice.  Denton, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings are judged, however, by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  See O'Neil v. Trujillo, No. CIV 16-00053 JCH/SCY (D.N.M. Jul 20, 2016)(Browning, J.).  Nor may the court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## ANALYSIS

The Court will dismiss the Complaint as to the Metropolitan Detention Center, because it is not a "person" under 42 U.S.C. § 1983.  Instead, the Court will order notice and waiver of service forms to be directed to Officers Henker and Sanchez.  The Court will deny the Motion to

Compel as premature.  Finally, the Court will construe Motions to Show Cause 1 and 2 as requests for extensions of time, and will grant them to allow Kristich to comply.

I.      **THE COURT WILL DISMISS THE COMPLAINT AS TO DEFENDANT METROPOLITAN DETENTION CENTER.**

Kristich names Metropolitan Detention Center as a Defendant, and asserts claims in the nature of vicarious liability for the actions of "guards at M.D.C." and "M.D.C. Staff."  Complaint at 4.  Section 1983 states:

> Every <u>person</u> who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added).  A detention facility is not an individual or legal entity capable of being sued and, therefore, is not a "person" within the meaning of 42 U.S.C. § 1983. <u>Aston v. Cunningham</u>, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000).  <u>See</u> <u>Apodaca v. New Mexico Adult Prob. & Parole</u>, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014)(Browning, J.).  Further, a civil rights plaintiff may not base his or her action against a public entity solely on a respondeat superior theory or vicarious liability for unnamed employees' actions.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  There is no remedy against Metropolitan Detention Center under § 1983 and the claims against it will be dismissed for failure to state a claim on which relief can be granted.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 63-64 (1989).  The Court will not grant an opportunity to amend the clams against Metropolitan Detention Center, because any amendment would be futile.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d at 1109.

The Court determines that the Complaint's allegations against Officers Henker and Sanchez meet the threshold requirement to state a plausible claim for relief.  <u>See</u> <u>Twombly</u>, 550

U.S. at 570.  The Court will direct the Clerk to issue notice and waiver of service forms directed to Henker and Sanchez.

## II.     THE COURT WILL DENY KRISTICH'S MOTION TO COMPEL AND GRANT HIS MOTIONS TO SHOW CAUSE.

Kristich's February 26, 2016 Motion to Compel Evidence seeks an order of the Court to issue a subpoena "of all medical records and documents being held by the Metropolitan Detention Center" over the past seventeen months.  See Motion to Compel at 1.  Because the Defendants have not yet appeared in this case and the documents Kristich seeks may be developed through the discovery process, the Motion to Compel is premature.  No discovery may be made until the Initial Scheduling Conference, and the Court has not yet held that conference. See D.N.M.LR. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by FED. R. CIV. P. 26(f) except by agreement of all parties or by Court order.").  The Court will deny the Motion to Compel Evidence without prejudice to Kristich's right to reassert his request at a later stage of the proceedings.

Kristich's Motions to Show Cause 1 and 2 are also before the Court.  In the Motions to Show Cause 1 and 2, Kristich requests that his obligation to make partial payments of the filing fee under Judge Fouratt's Order, filed May 4, 2016 (Doc. 4)("Fee Order"), be excused for a period of 120 days.  The Court notes that Kristich has made the initial partial payment of $15.00 as the Fee Order requires.  The Court will construe the two filings as motions for extension of time to comply with the Fee Order, and will grant the request.  See Fed. R. Civ. P. 1.  The Court will allow Kristich until October 2, 2016, to begin making the monthly filing fee payments.

**IT IS ORDERED** that: (i) Plaintiff Orin Kristich's claims against Defendant Metropolitan Detention Center are dismissed for failure to state a claim upon which relief can be

granted; (ii) the Clerk is directed to issue notice and waiver of service forms, with copies of the Civil Rights Complaint, filed December 16, 2015 (Doc. 1) and the Prisoner's Civil Rights Complaint, filed January 19, 2016 (Doc. 5), for Defendants Officer Michael Henker and Officer Sanchez; (iii) Kristich's Motion to Compel Evidence, filed February 26, 2016 (Doc. 7), is denied as premature; and (iv) Kristich's Motion to Show Cause, filed June 2, 2016 (Doc. 11), and Motion to Show Cause Two, filed July 1, 2016 (Doc. 12), which the Court construes as motions for extension of time, are granted.  Kristich is granted an extension to October 2, 2016 to make the monthly filing fee payments that Judge Fouratt's May 14, 2016 Order requires.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Orin Kristich
Albuquerque, New Mexico

> *Plaintiff pro se*